CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 1 1 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RAY DARRYL HORSLEY, #328633, ) | |
|     Plaintiff, ) | Civil Action No. 7:05-CV-00285 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| J.D. TERRY, ) | By: Hon. Glen E. Conrad |
|     Defendant. ) | United States District Judge |

    Ray Darryl Horsley, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Horsley claims he is not allowed to lie on his bed for twelve hours at a time, and that he is not allowed to shower until 9:00 p.m. each night. Horsley is incarcerated in the Botetourt Correctional Unit. Horsley seeks transfer to another facility. This complaint is before this court as a result of the court's screening function, as set out in 28 U.S.C. § 1915A. After reviewing the complaint, the court is of the opinion that Horsley has failed to state a claim upon which relief can be granted. For the reasons stated, the court files the complaint in forma pauperis and dismisses it without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

    A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988).

    The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). On the other hand, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of

confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347. In fact, to state a claim of constitutional significance regarding prison conditions, plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993).

Horsley has not provided any indication of any serious or significant mental or physical injury as a result of being prevented, for more than twelve hours at a time, from lying in bed or from being prohibited from taking a shower until 9:00 p.m. Therefore, this court sua sponte dismisses Horsley's petition pursuant to § 1915A(b)(1).

ENTER: This 10<sup>d</sup> day of May, 2005.

_____
UNITED STATES DISTRICT JUDGE